UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANTE WILSON, | : | |
| Petitioner, | : | Civ. No. 22-6916 (KM) |
| v. | : | **MEMORANDUM AND ORDER** |
| PATRICK A. NOGAN, et al., | : | |
| Respondents. | : | |

Petitioner Dante Wilson, an inmate at Northern State Prison in Newark, New Jersey, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE 1. The petition challenges a 2010 conviction for first-degree aggravated manslaughter, conspiracy to distribute a controlled dangerous substance, and related weapons offenses. *Id.* at 2. The Superior Court of New Jersey, Appellate Division, affirmed Wilson's conviction on direct appeal, *State v. Wilson*, No. A-3732-10T1, 2014 WL 10212772 (N.J. Super. Ct. App. Div. Aug. 12, 2015) (per curiam), and the New Jersey Supreme Court denied certification, 224 N.J. 244, 130 A.3d 1246 (2016). The trial court denied Wilson's petition for post-conviction ("PCR") relief following an evidentiary hearing, *State v. Wilson*, No. A-2358-18, 2021 WL 2028656, at *1 (N.J. Super. Ct. App. Div. May 21, 2021) (per curiam); the Appellate Division affirmed, *id.*; and certification was denied, 251 N.J. 195, 276 A.3d 650 (2022).

Wilson filed his habeas petition in November 2022. DE 1. Respondents answered in April 2023. DE 8, 9. In May 2023, I granted Wilson's request for an extension of time to June 26, 2023, to reply (DE 11, 13); however, to date, he has not filed a reply.

Wilson now moves (DE 14) to stay his § 2254 petition and hold it in abeyance so he can exhaust in state court ground three of his petition, which alleges that trial counsel was ineffective

for failing to present available alibi witnesses. DE 14. Wilson represents that he has filed a second PCR petition in state court based on newly discovered evidence—specifically, evidence obtained via private investigators that "the State had interfered with the [alibi] witnesses testifying as to the reason why the witnesses failed to appear" at the PCR evidentiary hearing—and has provided the Court with a filed-stamped copy of his cover letter to the state court indicating that he filed his second PCR petition on June 26, 2023. *Id.* at 3–4. The State does not oppose Wilson's request for a stay until the state court proceedings on his second PCR petition are exhausted. DE 16 at 2. For the reasons below, I will grant the stay.

The Supreme Court has approved the use of stay-and-abeyance procedures in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). Faced with a mixed petition containing both exhausted and unexhausted claims, the Supreme Court recognized the potential "risk of [petitioners] forever losing their opportunity for any federal review of their unexhausted claims," and allowed courts to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275. A district court may issue a stay where: "(1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive tactics." *Id.* at 277–78.

Here, Wilson represents that he has obtained newly discovered evidence—alleged State interference with alibi witnesses—relevant to his third ground for relief in his § 2254 petition, ineffective assistance of trial counsel for failure to present available alibi witnesses. DE 14. I find that Wilson has shown good cause for his failure to exhaust this ground for relief in his first PCR proceedings, as he claims that he did not obtain the evidence until after he filed his habeas petition. DE 14 at 3. Further, principles of comity and deference to the state courts support

staying these proceedings, as a stay will allow state collateral review to be conducted prior to federal collateral review. *See Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (allowing state courts the first opportunity to pass upon federal constitutional claims furthers the policies of comity and federalism). With respect to the remaining *Rhines* factors, there is no evidence that Wilson has engaged in dilatory tactics, as he filed his second PCR petition "immediately upon [his] receipt of this new evidence" (DE 14 at 3), and his claims are not facially meritless. Finally, dismissal of the petition might cause Wilson to run afoul of the statute of limitations on federal habeas petitions. Accordingly, in the absence of opposition from respondents, I will, as an exercise of discretion, grant a stay and allow Wilson to exhaust his claims before the state courts before seeking plenary relief in this habeas proceeding.

For the foregoing reasons, Wilson's motion for a stay of this habeas proceeding will be granted, and the proceeding will be administratively terminated. Wilson shall file any request to reopen this action within 30 days after the exhaustion of his claims in state court.

Accordingly, **IT IS** this 7th day of August, 2023,

**ORDERED** that Wilson's motion for a stay and abeyance of his petition (DE 14) is GRANTED; and it is further

**ORDERED** that the Clerk of Court shall administratively terminate this action; and it is further

**ORDERED** that within 30 days after Wilson has exhausted his state court remedies, he shall notify this Court as to whether he wishes to reopen the case, or to withdraw his petition; Wilson is hereby given notice that failure to notify this Court within this time period will result in the dismissal of the petition; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this memorandum and order on Wilson by regular U.S. mail.

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge